KAY PALMER, DOING BUSINESS AS PALMER CONSTRUCTION
COMPANY, APPELLEE, V. KENNETH R. DORN ET AL.,
APPELLANTS.

243 N. W. 2d 57

Filed June 9, 1976. No. 40489.

Erickson, Sederstrom, Johnson & Fortune, for appellants.

James R. Welsh and G. Michael Kealhofer of Reidmann & Welsh, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This is an action by a construction contractor to recover on an oral contract to construct a residence on the basis of cost and a 15 percent fee. The defendant owner claims forfeiture of the commission by the contractor

because the cost exceeded the estimate. The owner also counterclaimed, asking that the contractor be required to pay for carpeting for which a supplier had filed a materialman's lien against the premises. The owner further alleged defective workmanship and damages on account thereof in the amount of $1,500, and sought to recover the sum of $895 for expenses in connection with removal and reconstruction of a portion of a driveway made necessary by county requirements of a culvert under the driveway and which the owner claims the contractor should have caused to be installed before the driveway was laid. A jury was waived, and the trial judge rendered judgment for the contractor in the sum of $3,642.07 and dismissed the counterclaims.

The evidence shows that the estimate of cost was made by the contractor based upon plans furnished by the owner and specifications prepared by the contractor. In this case the contractor furnished some of the services normally provided by an architect or engineer.

Every aspect of the case, to wit, the exact nature of the agreement and extent of items included therein; whether changes and additions were requested and authorized by the owner during construction resulting in increased cost; whether the contractor or owner was to pay for the carpeting in question; the existence and extent of alleged defects; and whether driveway construction was made necessary by the owner's refusal to permit the culvert to be placed when the driveway was constructed, or by the contractor's neglect; turns wholly upon conflicting evidence and the determination of the credibility of witnesses.

We do not try law actions de novo on appeal. We have carefully read the record. No useful purpose would be served by recital or summary of the evidence. The evidence permitted the court to find as it did.

No question of law is before us to decide. Whether the cost reasonably approached the estimate depended upon first determining disputed fact questions as to the

terms of the contract and changes or additions. Those facts were for trial court determination and cannot be dealt with by us as a matter of law. See Durand Associates, Inc. v. Guardian Inv. Co., *infra.*

The applicable rules are: "The judgment of a trial court in an action at law where a jury has been waived has the effect of a verdict of a jury and should not be set aside unless clearly wrong. . . . In determining the sufficiency of the evidence to sustain the judgment, that evidence must be considered most favorably to the successful party and every controverted fact must be resolved in that party's favor and he is entitled to the benefit of any inferences reasonably deducible from it." Henkle & Joyce Hardware Co. v. Maco, Inc., 195 Neb. 565, 239 N. W. 2d 772. "An architect or engineer may breach his contract for architectural services by under-estimating the construction costs of a proposed structure. . . . The rule to be applied is that the cost of construction must reasonably approach that stated in the estimate unless the owner orders changes which increase the cost of construction. . . . It is ordinarily for a jury to say whether the actual cost is within a reasonable range of the estimated cost unless the excess is so great that the court can deal with it as a matter of law." Durand Associates, Inc. v. Guardian Inv. Co., 186 Neb. 349, 183 N. W. 2d 246.

AFFIRMED.